IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL KINCAID<br>(BOP Register No. 45049-177), | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:15-cv-2905-K-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Movant Michael Kincaid, a federal prisoner, proceeding *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Dkt. No. 2. Following remand from the United States Court of Appeals for the Fifth Circuit, this case was reassigned to United States District Judge Ed Kinkeade, who then referred it to the undersigned United States magistrate judge for hearing if necessary and findings and recommendations. *See* Dkt. Nos. 9, 10, & 11. The Court then ordered Kincaid to show cause in writing why his Section 2255 motion should not be summarily dismissed as barred by the applicable statute of limitations. *See* Dkt. No. 12. Considering Kincaid's response, *see* Dkt. Nos. 15 & 18, the undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss Kincaid's Section 2255 motion as time-barred.

**Applicable Background**

On July 30, 2013, Kincaid pleaded guilty to a single count of conspiracy to

commit healthcare fraud, in violation of 18 U.S.C. § 371. He was sentenced to 60 months' imprisonment on June 5, 2014, and an amended judgment was entered on July 23, 2014. Kincaid did not file a direct appeal. Instead, on September 3, 2015, the Court received his Section 2255 motion, in which Kincaid raises several claims of constitutionally ineffective assistance of counsel ("IAC"), and which Kincaid declares (under penalty of perjury) that he placed into the prison mailing system on August 31, 2015.

## Legal Standards

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and

exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513

U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

Kincaid's conviction became final on August 6, 2014, which was the deadline for him to appeal the amended judgment entered July 23, 2014. *See* FED. R. APP. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after[, applicable here,] the entry of ... the judgment").

Kincaid failed to address the timeliness of his Section 2255 motion, filed more than one year after his conviction became final. *See* Dkt. No. 2 at 11 (no answer provided in response to question in form motion directed to timeliness of motion). But, under 28 U.S.C. § 2255(f)(1), the deadline to file this Section 2255 motion was August 6, 2015 – some 25 days prior to August 31, 2015, the date on which Kincaid swears that he placed the motion into the prison mailing system. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

As the Fifth Circuit has summarized,

> [u]nder the mailbox rule, pro se prisoner filings are deemed filed as soon as they are deposited into the prison mail system. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).
>
>> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.
>
> Rule 3(d) of the Rules Governing Section 2255 Proceedings in the United States District Courts. When a litigant has certified under penalty of perjury that his petition was deposited in the prison mailing system on a certain date, the petition is deemed filed on that date. *See, e.g., Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009) (§ 2254 case).

*United States v. Nyamaharo*, 514 F. App'x 479, 480 (5th Cir. 2013) (per curiam).

The Court entered the June 3, 2016 show cause order concerning limitations because it did not appear that the established prison mailbox rule saved Kincaid's Section 2255 motion from AEDPA's statute of limitations and because Kincaid's motion failed to demonstrate an entitlement to statutory or equitable tolling. *See, e.g.*, *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) ("'[B]efore acting on its own initiative' to dismiss an apparently untimely [Section 2255 motion] as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original)); *see also Sosa-Saucedo v. United States*, No. 6:09cv491, 2011 WL 336456 (E.D. Tex. Jan. 31, 2011) (applying *Day* to Section 2255 motions).

Kincaid responded, arguing that his motion is timely under 28 U.S.C. §§ 2255(f)(1), 2255(f)(2), 2255(f)(3) and 2255(f)(4) and principles of equitable tolling and because he is actually innocent. *See* Dkt. Nos. 15 & 18.

First, for the reasons stated above, Kincaid's motion is not timely under Section 2255(f)(1). And, by failing to identify a right newly recognized and made retroactively applicable to cases such as this one, Kincaid also has failed to explain how Section 2255(f)(3) operates to make the current motion timely.

As to Section 2255(f)(2), in the context of 28 U.S.C. § 2244(d)(1) (relevant to federal review of state convictions and sentence), which provisions "closely track corresponding portions of § 2255," *Clay v. United States*, 537 U.S. 522, 528 (2003), the Fifth Circuit has held that, in order to invoke statutory tolling based on an alleged government impediment, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law," *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). "These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his section 2255 motion or federal petition. Thus, [a petitioner] 'must also show that ... [the impediment] actually *prevented* him from timely filing his habeas petition.'" *Clark v. United States*, Nos. 3:13-cv-1851-N-BK & 3:92-cr-382-N-1, 2013 WL 5873294, at *2 (N.D. Tex. Nov. 1, 2013) (quoting *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011); citations omitted; emphasis in *Krause*); *see also Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003) ("'Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.'" (quoting

*Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001))).

Kincaid alleges that the government (including Medicare, as a government agency) and his trial counsel have "created impediments [that] have yet to be removed, are still thus present, as such these Unconstitutional impediments that have not been removed, and in turn also violate Movants [sic] right of access to the Court, thus rendering his Motion timely pursuant to § 2255(f)(2)." Dkt. No. 15 at 12. The chief alleged impediment appears to be access to Medicare documents that Kincaid believes support his sentencing-hearing testimony "that both Medicare and Medicare Recoupment Records established that he did not fraudulently cause Medicare to suffer any losses." *Id.* at 14; *see also id.* at 12 ("Primarily [ ] Movant['s] § 2255 was in large part based upon the underlying claims that counsel failed to present records and documents proving his innocence, incorrectly calculated his sentence and restitution. As common sense dictates, in order for Movant to file an adequate and meaningful § 2255 based on these claims, Movant would first need his legal case files from counsel, and second Movant needed the records from Medicare that Movant claimed counsel failed to present to the Court in support of Movant['s] Innocence.").

The impediments that Kincaid alleges do not show that unconstitutional government action prevented the timely filing of the current motion. Long before the one-year deadline to file this motion, Kincaid was aware of the claims that he currently presents – he did not need additional documentation to timely assert those claims. As the United States Court of Appeals for the Tenth Circuit has recognized in an analogous context, statutory tolling based on an alleged government impediment

"applies only when a state-created 'impediment' 'prevented' an inmate from filing his application. While the quality of [a] petition might have been improved with greater legal assistance, there is no basis in the record before us to believe that [the petitioner] was incapable of filing a timely habeas petition given the resources available" to him. *Garcia v. Hatch*, 343 F. App'x 316, 318-19 (10th Cir. 2009) (rejecting petitioner's contention that the alleged inadequacies of a state-provided legal assistance program "prevented him from doing 'any type of *adequate* research' in preparing his state and federal petitions" (emphasis in original)).

Similarly, "in determining whether § 2255(f)(4) should be applied, the relevant inquiry should focus on when the factual predicate of a claim could have been discovered, as opposed to the date on which the petitioner has in his possession evidence to support his claim." *Milam v. United States*, No. 3:14-cv-1924-L-BN, 2015 WL 5896025, at *4 (N.D. Tex. July 30, 2015), *rec. adopted*, 2015 WL 5896121 (N.D. Tex. Oct. 6, 2015) (citations omitted). While the term "factual predicate of the claim" is used in place of "facts supporting the claim" in 28 U.S.C. § 2244(d)(1)(D), the state-habeas analogue to Section 2255(f)(4), courts do "not distinguish between the provisions." *Wilder v. United States*, Civ. A. No. 10-0997 & Crim. No. 03-72, 2011 WL 3444178, at *7 n.5 (W.D. Pa. Aug. 8, 2011).

"Congress did not provide a definition of the term 'factual predicate,' as used in § 2244(d)(1)(D)[, but t]hose courts that have given meaning to the term agree that a factual predicate consists only of the 'vital facts' underlying the claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (citing *McAleese v. Brennan*, 483 F.3d 206,

214 (3d Cir. 2007); *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)); *see also Vega v. Stephens*, No. 3:14-cv-551-P-BK, 2015 WL 4459262, at *3 (N.D. Tex. July 20, 2015) (defining "the factual predicate" as "the vital or principal facts underlying [a petitioner's] claims" (citing *McAleese*, 483 F.3d at 214; *Rivas*, 687 F.3d at 535)).

The "vital facts" underlying the IAC claims that Kincaid presents are that his trial counsel allegedly provided constitutionally-ineffective assistance by failing to obtain or utilize Medicare records provided to him by Kincaid prior to sentencing, records which Kincaid asserts prove his innocence. *See, e.g.,* Dkt. No. 2 at 5 ("Movant provided Attorney with names and reference numbers of Medicare Representatives that he spoke to. Attorney failed to present documents/records to the Court."). As Kincaid himself demonstrates, he knew of the actions that his counsel failed to take at the time that his conviction became final, making "his ineffective assistance claim [ ] untimely" under Section 2255(f)(4). *United States v. Scruggs*, 691 F.3d 660, 670 (5th Cir. 2012) ("the factual basis for Scruggs's claim is merely [a conflict of interests that existed during the representation,] which "Scruggs knew or easily could have discovered ... by the date on which his conviction became final"; therefore, "his ineffective assistance claim is untimely" under Section 2255(f)(4)); *see also United States v. Jackson*, 470 F. App'x 324, 327-28 (5th Cir. 2012) (per curiam) (the "facts supporting [Jackson's] claim" that his "attorney allegedly incorrectly advised him that his federal sentence would run concurrently with his state sentence could have been discovered immediately after Jackson's sentencing in federal court," in 1993, "well before Jackson began serving his federal sentence in December 2008," because

statements made by the court at sentencing and statements made in presentence report and the court's judgment informed Jackson that his federal sentence as to one count of conviction would run consecutive to his federal sentences imposed as to separate counts of conviction).

Turning to equitable tolling, Kincaid has not established its applicability because he fails to explain, for example, how "extraordinary circumstance stood in his way and prevented [his] timely filing." *Menominee Indian Tribe*, 136 S. Ct. at 755; *see Holland*, 560 U.S. at 649 (a movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). As this language implies, "the burden is on" Kincaid "to show rare, exceptional, or extraordinary circumstances beyond his control that made it impossible for him to timely" file the Section 2255 motion – a showing that Kincaid has not made. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted).

Kincaid also has not shown that he is actually innocent. The "new" evidence that he seeks to introduce now are either records that his "attorney attempted to submit into Court" that Kincaid himself provided to counsel but which the Court "refused to admit or review" then or records that he has yet to obtain but that he nevertheless contends will support his testimony at sentencing "that both Medicare and Medicare Recoupment Records established that he did not fraudulently cause Medicare to suffer any losses." Dkt. No. 15-1 (Kincaid's aff.) at 3; Dkt. No. 15 at 14. To the extent that

such evidence is new, Kincaid fails to show that this evidence undermines the Court's confidence in the outcome of his criminal proceeding.

## Recommendation

The Court should dismiss Kincaid's Section 2255 motion as time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 15, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE